1   EDWARD R. REINES (Bar No. 135960)
    edward.reines@weil.com
2   SONAL N. MEHTA (Bar No. 222086)
    sonal.mehta@weil.com
3   J. JASON LANG (Bar No. 255642)
    jason.lang@weil.com
4   WEIL, GOTSHAL & MANGES LLP
    Silicon Valley Office
5   201 Redwood Shores Parkway
    Redwood Shores, CA 94065
6   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
7

8   Attorneys for Plaintiffs

9



ORIGINAL FILED

JAN 1 8 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose



COPY

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12  CISCO SYSTEMS, INC.              Case No.
    CISCO TECHNOLOGY, INC.
13  NDS AMERICAS INC.               CV13-  0282  JCS
    SCIENTIFIC ATLANTA LLC
14               Plaintiffs,        COMPLAINT FOR DECLARATORY
                                    JUDGMENT AND PATENT
15        v.                        INFRINGEMENT

16  OPENTV INC.
    NAGRA USA, INC.                 JURY TRIAL DEMANDED
17               Defendants.

18

19

20

21

22

23

24

25

26

27

28

Cisco Systems, Inc. and its subsidiaries Cisco Technology, Inc., NDS America Inc., and Scientific Atlanta LLC (collectively "Plaintiffs" or "Cisco") for their Complaint against Defendants Open TV Inc. and Nagra USA, Inc. (collectively "Defendant"), allege as follows:

## INTRODUCTION

Cisco brings this complaint to protect its customers from OpenTV's unwarranted claims that Cisco products and services infringe OpenTV patents when it is OpenTV that is infringing Cisco's patents. As its business has declined, OpenTV has turned to patent enforcement as a revenue source. In the last year, OpenTV and its parent entity the Kudelski Group have hired senior offices who were previously employed by known patent assertion entities Intellectual Ventures and InterDigital Communications as part of a stated effort to monetize the Kudelski Group's patent portfolio. Since then, OpenTV has asserted its patents against numerous entities including threatening Cisco's customers with patent infringement suits for their use of Cisco products. This apparently is an effort to scare these customers away from purchasing Cisco products and to bolster OpenTV's revenue one way or the other (either by winning business from customers it has threatened or by obtaining licensing revenue from them). OpenTV has also had direct communications with Cisco regarding alleged patent infringement.

As set forth below, Cisco brings its claims for declaratory relief to free its customers, its product line, and itself from these unwarranted allegations of infringement. Cisco brings its claims for patent infringement to protect its innovation and intellectual property in the fields of cable television, telecommunications and broadband equipment from infringement by OpenTV and Nagra USA through their products and services relating to conditional access, broadcast delivery and media access technologies, among others.

## NATURE OF THIS ACTION

1.      This action arises under 28 U.S.C. §§ 1331, 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 100 *et seq.*

2.      Cisco brings this action for a declaration that the claims of OpenTV's U.S. Patent Nos. 5,585,858; 5,724,091; 5,761,606; 7,882,533; 7,900,233; and 7,961,743 ("the OpenTV Patents") are invalid and not infringed.

3.      Cisco brings this action to halt OpenTV's infringement of Cisco's rights under the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.* via its infringement of U.S. Patent Nos. 6,252,964; 6,744,892; and 7,505,592 ("the Cisco Patents").

<b><u>PARTIES</u></b>

4.      Cisco Systems, Inc. is the world leader in networking equipment and solutions. Founded in the early 1980s by a husband and wife team who originally worked at Stanford University, Cisco has grown to employ over 65,000 people globally. Throughout its growth, Cisco has remained at the forefront of technology through its significant investment in research and development, human capital and intellectual property, and through the acquisition of innovative companies, including their technology, talent and intellectual property. Cisco's products and services have expanded to cover all aspects of personal and small and large enterprise networking solutions including but not limited to storage systems and services, telepresence and video conference solutions, routing services, and security related equipment and services, among many others. In the field of cable television and digital television space, telecommunications and broadband equipment, Cisco has become a market leader through its internal development efforts, as well as its 2005 acquisition of Scientific Atlanta and its 2012 acquisition of NDS Group.

5.      Scientific Atlanta was founded in the early 1950s by a group of Georgia Institute of Technology graduates. From its early days, Scientific Atlanta was a pioneer in the set-top box technology market. Its products include set-top boxes, cable distribution systems, cable modems, and IPTV hardware. As a result of its early innovation in these product categories, Scientific Atlanta developed one of the earliest and most robust patent portfolios in the space. In fact, its inventions and innovations are at the core of the cable television, telecommunications and broadband equipment infrastructure used throughout the United States and abroad. Since its acquisition by Cisco, Scientific Atlanta's products and services have been integrated with Cisco's products and services, and marketed to both small and large customers.

6.      NDS America Inc. is the U.S. subsidiary of NDS Group, a global pioneer in the pay TV industry. NDS was established in 1988 in Israel and acquired by News

1   Corporation in 1992. Over the years, NDS has grown through internal research and development

2   and through several acquisitions. NDS has expansive product and service offerings for the pay

3   TV industry. Since its acquisition by Cisco in 2012, NDS has remained at the forefront of

4   interactive and integrated solutions, and its products and services have been integrated into the

5   broader Cisco family of products and services.

6          7.     Cisco Systems, Inc. is a corporation organized and existing under the laws

7   of the State of California with its principal place of business at 170 West Tasman Drive, San Jose,

8   California 95134-1706.

9          8.     Cisco Technology, Inc. is a corporation organized and existing under the

10  laws of the State of California with its principal place of business at 2730 Gateway Oaks Drive,

11  Sacramento, CA 95833.

12         9.     NDS Americas Inc. is a corporation organized and existing under the laws

13  of the State of Delaware with its principal place of business at 3500 Hyland Avenue, Costa Mesa,

14  CA 92626.

15         10.    Scientific Atlanta LLC is a limited liability company organized and

16  existing under the laws of the State of Georgia with its principal place of business at 5030

17  Sugarloaf Parkway, Lawrenceville, GA 30044-2869

18         11.    On information and belief, OpenTV and Nagra USA are subsidiaries of the

19  Kudelski Group, a Swiss conglomerate whose business relates to digital television.

20         12.    On information and belief, the Kudelski Group's business has been

21  declining in recent years. In its 2011 Annual Report, the Kudelski Group reported that its 2011

22  revenue was down 17.7% from 2010, and that the company went from being profitable in 2010 to

23  losing money in 2011. In the same Annual Report, the Kudelski Group's Chairman, André

24  Kudelski, identified "[m]onetizing [the Kudelski Group's] intellectual property" as one of its

25  priorities for 2012 and beyond, noting that the Kudelski Group sees "exciting revenue potential in

26  our patent portfolio." Consistent with those priorities, the Kudelski Group and OpenTV have

27  hired a team of patent licensing and assertion professionals formerly with patent assertion entities

28  such as Intellectual Ventures and InterDigital Communications.

13.     On information and belief, Open TV, Inc. is a company organized and existing under the laws of Delaware with a principal place of business at 275 Sacramento Street, San Francisco, CA 94111.

14.     On information and belief, Nagra USA, Inc. is a company organized and existing under the laws of New York with a principal place of business at 841 Apollo Street, Suite 300, El Segundo, CA 90245 and headquarters for the Americas at 275 Sacramento Street, San Francisco, CA 94111.

## PERSONAL JURISDICTION

15.     On information and belief, Defendants have, and have had, continuous and systematic contacts within the State of California, including this District. On information and belief, Defendants have purposefully directed a broad range of business activities at this district and residents of this District have used services and products offered or sold by Defendants.

## SUBJECT MATTER JURISDICTION

16.     This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction over Cisco's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Cisco and OpenTV with respect to invalidity and noninfringement of the OpenTV Patents. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

17.     With respect to Cisco's declaratory judgment claims, there is an actual and justiciable controversy between Cisco and OpenTV as to the OpenTV Patents based on OpenTV's threats against customers of Cisco's products and solutions of infringement on European patents that are related to and substantively similar in scope to the OpenTV Patents, and the course of dealing, and direct communications, between Cisco and OpenTV.

18.     On December 19, 2012, OpenTV filed an action for patent infringement against Netflix, Inc. in the United States District Court for the District of Delaware. In its Complaint, OpenTV averred that "OpenTV vigorously protects its intellectual property" and touted its "robust" patent portfolio. OpenTV's Complaint alleged willful infringement by Netflix

1   of seven U.S. patents, two of which are related to European patents OpenTV has accused Cisco's
2   customers of infringing.  According to the allegations, at about the same time OpenTV began to
3   assert infringement by Cisco's customers, OpenTV contacted Netflix to begin licensing
4   discussions with them.  OpenTV stated that William Goldman (one of the same individuals who
5   has had discussions with Cisco) and Senior Vice President of Intellectual Property at the Kudelski
6   Group, Joseph Chernesky, met with Netflix on several occasions prior to OpenTV filing suit.
7   When Netflix supposedly failed "to compensate OpenTV for Netflix's [alleged] ongoing patent
8   infringement" as a result of those discussions, OpenTV filed suit against Netflix.  A true and
9   correct copy of the OpenTV complaint against Netflix is attached hereto as Exhibit 1.

10          19.     In view of the above circumstances—including OpenTV's infringement
11   allegations against Cisco's products and services; OpenTV's publicly stated commitment to
12   enforce its patents through licensing and litigation; the Kudelski Group and OpenTV's hiring of
13   several individuals whose goals include developing "patent/product heat maps versus various
14   licensing targets to properly and accurately size infringed revenue" and "[g]uid[ing] the team on
15   building a commanding patent case versus those targets"; its comments during discussions with
16   Cisco; its patent lawsuit against Netflix in circumstances roughly paralleling those here; and the
17   course of dealings between Cisco and OpenTV—there is a threat of actual and imminent injury to
18   Cisco that can be redressed by judicial relief, and that injury is sufficiently immediate and real to
19   warrant the issuance of a declaratory judgment.  Such injury includes, among other things,
20   uncertainty as to whether the development, use, and sale of Cisco products and services will be
21   free from infringement claims based on the OpenTV Patents (which are related to and
22   substantively similar in scope to the European patents that have been asserted against products
23   and services), the injury to Cisco's efforts to market and sell its products and services, and the
24   threat that other customer's will be sued or will receive threats of suit, and the possible
25   obligations flowing from claims for indemnity.  Absent a declaration of noninfringement and/or
26   invalidity, OpenTV will wrongfully assert the OpenTV Patents against Cisco's products and
27   services, and will thereby cause Cisco irreparable injury and damage.  Thus, an actual and
28   justiciable controversy exists between Cisco and OpenTV as to the OpenTV Patents.

## VENUE

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue occurred in this judicial district, and because Defendants are subject to personal jurisdiction within this judicial district.

## INTRA-DISTRICT ASSIGNMENT

21.     Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District.

## GENERAL ALLEGATIONS -- THE OPENTV PATENTS

### U.S. Patent No. 5,585,858 ("the '858 patent")

22.     The '858 patent is entitled "Simulcast Of Interactive Signals With A conventional Video Signal." A copy of the '858 patent is attached hereto as Exhibit 2. The '858 patent states on its face that it was issued to Gregory W. Harper and Michael J. Freeman.

23.     The application that issued as the '858 patent was filed on August 12, 1994, and the United States Patent and Trademark Office issued the '858 patent on December 17, 1996. The '858 patent is a continuation-in-part of U.S. Patent Application No. 08/228,355, filed on April 15, 1994. EP0723729, which has been identified by OpenTV as a patent infringed by Cisco customers using Cisco products and services, claims priority directly to the patent application that matured into the '858 patent, U.S. Patent Application No. 08/289,499, and includes substantially similar claims.

### U.S. Patent No. 5,724,091 ("the '091 patent")

24.     The '091 patent is entitled "Compressed Digital Data Interactive Program System." A copy of the '091 patent is attached hereto as Exhibit 3. The '091 patent states on its face that it was issued to Gregory W. Harper and Michael J. Freeman.

25.     The application that issued as the '091 patent was filed on May 18, 1995, and the United States Patent and Trademark Office issued the '091 patent on March 3, 1998. The '091 patent is a continuation-in-part of U.S. Patent Application No. 08/166,608, filed on December 13, 1993, which is a continuation of U.S. Patent Application No. 07/797,298. EP0965227, which has been identified by OpenTV as a patent infringed by Cisco customers using

Cisco products and services, claims priority to U.S. Patent Application No. 08/815,168, which was a continuation-in-part to U.S. Patent Application No. 08/598,382, which was a continuation-in-part of the application that matured into the '091 patent, U.S. Patent Application No. 08/443,607. The EP0965227 and '091 patents include substantially similar claims.

### U.S. Patent No. 5,761,606 ("the '606 patent")

26.     The '606 patent is entitled "Media Online Services Access Via Address Embedded In Video Or Audio Program." A copy of the '606 patent is attached hereto as Exhibit 4. The '606 patent states on its face that it was issued to Thomas R. Wolzien.

27.     The application that issued as the '606 patent was filed on February 8, 1996, and the United States Patent and Trademark Office issued the '606 patent on June 2, 1998. EP0879534, which has been identified by OpenTV as a patent infringed by Cisco customers using Cisco products and services, claims priority directly to the patent application that matured into the '606 patent, U.S. Patent Application No. 08/597,432, and includes substantially similar claims.

### U.S. Patent No. 7,882,533 ("the '533 patent")

28.     The '533 patent is entitled "Digital Television Application Protocol For Interactive Television." A copy of the '533 patent is attached hereto as Exhibit 5. The '533 patent states on its face that it was issued to Rachad Alao, Alain Delpuch, Vincent Dureau, Jose Henrard, Matthew Huntington, and Waiman Lam.

29.     The application that issued as the '533 patent was filed on February 9, 2009, and the United States Patent and Trademark Office issued the '533 patent on February 1, 2011. The '533 patent is continuation of U.S. Patent Application No. 10/061,769, filed on February 1, 2002, which is a continuation-in-part of U.S. Patent Application No. 09/858,379, filed on May 16, 2001, which claims priority from Provisional Patent Application No. 60/265,986, filed on Feb. 2, 2001, Provisional Patent Application No. 60/266,210, filed on Feb. 2, 2001, Provisional Patent Application No. 60/267,876, filed on Feb. 9, 2001, Provisional Patent Application No. 60/269,261, filed on Feb. 15, 2001, and Provisional Patent Application No.60/279,543, filed on Mar. 28, 2001. EP 1364511, which has been identified by OpenTV as a patent relevant to Cisco customers using Cisco products and services, and '533 patent both claim

1    priority to the following Provisional Patent Application Nos. 60/265,986; 60/266,210;

2    60/267,876; 60/269,261; and 60/279,543.  In other words, both stem directly from common

3    provisional applications. The EP1364511 and '533 patents include substantially similar claims.

4                      **U.S. Patent No. 7,900,233 ("the '233 patent")**

5                30.    The '233 patent is entitled "Process And System For Displaying Video

6    Programs On Demand." A copy of the '233 patent is attached hereto as Exhibit 6. The '233

7    patent states on its face that it was issued to Thierry Godin.

8                31.    The application that issued as the '233 patent was filed on January 18,

9    2000, and the United States Patent and Trademark Office issued the '233 patent on March 1,

10   2011.  The '233 patent stems from International Application No. PCT/IB00/00112, filed on

11   January 18, 2000, which entered the United States national phase on February 28, 2003.

12   EP1249128, which has been identified by OpenTV as a patent relevant to Cisco customers using

13   Cisco products and services, and '233 patent both stem directly from International Application

14   No. PCT/IB00/00112, and thus the EP1249128 and '233 patents are the result of that same

15   application entering the national phase in respective jurisdictions.  The EP1249128 and '233

16   patents include substantially similar claims.

17                     **U.S. Patent No. 7,961,743 ("the '743 patent")**

18               32.    The '743 patent is entitled "Service Gateway For Interactive Television."

19   A copy of the '743 patent is attached hereto as Exhibit 7. The '743 patent states on its face that it

20   was issued to Rachad Alao, Alain Delpuch, Vincent Dureau, Jose Henrard, Matthew Huntington,

21   and Waiman Lam.

22               33.    The application that issued as the '743 patent was filed on December 3,

23   2007, and the United States Patent and Trademark Office issued the '743 patent on June 14, 2011.

24   The '743 patent is a continuation of U.S. Patent Application No. 09/858,436, filed on May 16,

25   2001, which claims priority from Provisional Patent Application No. 60/265,986, filed on Feb. 2,

26   2001, Provisional Patent Application No. 60/266,210, filed on Feb. 2, 2001, Provisional Patent

27   Application No. 60/267,876, filed on Feb. 9, 2001, Provisional Patent Application No.

28   60/269,261, filed on Feb. 15, 2001, and Provisional Patent Application No.60/279,543, filed on

1  Mar. 28, 2001. EP 1364511 patent, which has been identified by OpenTV as a patent relevant to

2  Cisco customers using Cisco products and services, and '743 patent both claim priority to the

3  following Provisional Patent Application Nos. 60/265,986; 60/266,210; 60/267,876; 60/269,261;

4  and 60/279,543. In other words, both stem directly from common provisional applications. The

5  EP1364511 and '743 patents include substantially similar claims.

6  ### GENERAL ALLEGATIONS – THE CISCO PATENTS

7  34.     Since their start, Cisco and its subsidiaries, including Scientific Atlanta and

8  NDS, have developed a broad and deep intellectual property portfolio in the fields of cable

9  television, telecommunications and broadband equipment.   Among its many patents and patent

10  applications in that space are the Cisco Patents that subject of this suit.

11  ### U.S. Patent No. 6,252,964 ("the '964 patent")

12  35.     The '964 patent is entitled "Authorization Of Services In A Conditional

13  Access System." A true and correct copy of the '964 patent is attached hereto as Exhibit 8. The

14  '964 patent was duly and legally issued to Anthony J. Wasilewski, Howard G. Pinder, Glendon L.

15  Akins III, and Robert O. Banker.

16  36.     The application that issued as the '964 patent was filed on January 20,

17  2000, and the United States Patent and Trademark Office duly and legally issued the '964 patent

18  on June 26, 2001. The '964 patent is a continuation of U.S. Patent Application No. 09/127,352,

19  filed on Jul. 31, 1998, which claims the benefit of U.S. Provisional Application No. 60/054,575,

20  filed Aug. 1, 1997, and is a continuation-in-part of U.S. Application No. 09/111,958, filed on Jul.

21  8, 1998, which claims the benefit of U.S. Provisional Application No. 60/054,578, filed on Aug.

22  1, 1997, and is a continuation-in-part of Application No. 08/767,535, filed on Dec. 16, 1996, and

23  is a continuation-in-part of U.S. Application No. 08/580,759, filed on Dec. 29, 1995, which

24  claims the benefit of U.S. Provisional Application No. 60/007,962, filed on Dec. 4, 1995, and is a

25  continuation-in-part of Application No. 08/415,617, filed on Apr. 3, 1995.

26  ### U.S. Patent No. 6,744,892 ("the '892 patent")

27  37.     The '892 patent is entitled "Method And Apparatus For Geographically

28  Limiting Service In A Conditional Access System." A true and correct copy of the '892 patent is

attached hereto as Exhibit 9. The '892 patent was duly and legally issued to named inventors Glendon L. Akins III, Howard G. Pinder, and Anthony J. Wasilewski.

38. The application that issued as the '892 patent was filed on March 3, 2003, and the United States Patent and Trademark Office duly and legally issued the '892 patent on June 1, 2004. The '892 patent is a continuation of U.S. Patent Application No. 09/493,409, filed on Jan. 28, 2000, which is a continuation of U.S. Patent Application No. 09/127,273, filed on Jul. 31, 1998, which claims the benefit of U.S. Provisional Application No. 60/054,575, filed on Aug. 1, 1997, and is a continuation-in-part of U.S. Patent Application No. 09/111,958, filed on Jul. 8, 1998, which claims the benefit of U.S. Provisional Application No. 60/054,578, filed on Aug. 1, 1997, and is a continuation-in-part of U.S. Patent Application No. 08/767,535, filed on Dec. 16, 1996, and is a continuation-in-part of U.S. Patent Application No. 08/580,759, filed on Dec. 29, 1995, which claims the benefit of U.S. Provisional Application No. 60/007,962, filed on Dec. 4, 1995, and is a continuation-in-part of U.S. Patent Application No. 08/415,617, filed on Apr. 3, 1995.

### U.S. Patent No. 7,505,592 ("the '592 patent")

39. The '592 patent is entitled "Apparatus For Entitling And Transmitting Service Instances To Remote Client Devices." A true and correct copy of the '592 patent is attached hereto as Exhibit 10. The '592 patent was duly and legally issued to Samuel H. Russ, Michael A. Gaul, Anthony J. Wasilewski, and Howard G. Pinder.

40. The application that issued as the '592 patent was filed on February 6, 2007, and the United States Patent and Trademark Office duly and legally issued the '592 patent on March 17, 2009. The '592 patent is a continuation-in-part of U.S. Application No. 10/382,944, filed on March 6, 2003, which is a continuation-in-part of U.S. Application No. 10/154,495, filed on May 24, 2002.

### CLAIMS FOR RELIEF

### COUNT I

### (Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,585,858)

### (against OpenTV)

41.     Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

42.     On information and belief, OpenTV is the current assignee of the '858 patent.

43.     No claim of the '858 patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Cisco or its customers through their activities in conjunction with Cisco's products and services.

44.     The claims of the '858 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

45.     As set forth above, an actual controversy exists between Cisco and OpenTV as to infringement and invalidity of the '858 patent.  Cisco desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## COUNT II

### (Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,724,091)

### (against OpenTV)

46.     Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

47.     On information and belief, OpenTV is the current assignee of the '091 patent.

48.     No claim of the '091 patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Cisco or its customers through their activities in conjunction with Cisco's products and services.

49.     The claims of the '091 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

50.     As set forth above, an actual controversy exists between Cisco and OpenTV as to infringement and invalidity of the '091 patent.  Cisco desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## COUNT III

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,761,606)**

**(against OpenTV)**

51.     Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

52.     On information and belief, OpenTV is the current assignee of the '606 patent.

53.     No claim of the '606 patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Cisco or its customers through their activities in conjunction with Cisco's products and services.

54.     The claims of the '606 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

55.     As set forth above, an actual controversy exists between Cisco and OpenTV as to infringement and invalidity of the '606 patent.  Cisco desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## COUNT IV

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,882,533)**

**(against OpenTV)**

56.     Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

57.     On information and belief, OpenTV is the current assignee of the '533 patent.

58.     No claim of the '533 patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Cisco or its customers through their activities in conjunction with Cisco's products and services.

59.     The claims of the '533 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

60.     As set forth above, an actual controversy exists between Cisco and OpenTV as to infringement and invalidity of the '533 patent. Cisco desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## COUNT V

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,900,233)**

**(against OpenTV)**

61.     Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

62.     On information and belief, OpenTV is the current assignee of the '233 patent.

63.     No claim of the '233 patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Cisco or its customers through their activities in conjunction with Cisco's products and services.

64.     The claims of the '233 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

65.     As set forth above, an actual controversy exists between Cisco and OpenTV as to infringement and invalidity of the '233 patent. Cisco desires a judicial

determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

<u>COUNT VI</u>

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,961,743)**

**(against OpenTV)**

66. Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

67. On information and belief, OpenTV is the current assignee of the '743 patent.

68. No claim of the '743 patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Cisco or its customers through their activities in conjunction with Cisco's products and services.

69. The claims of the '743 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

70. As set forth above, an actual controversy exists between Cisco and OpenTV as to infringement and invalidity of the '743 patent. Cisco desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

<u>COUNT VII</u>

**(Infringement of U.S. Patent No. 6,252,964)**

**(against OpenTV and Nagra USA)**

71. Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

72. On June 26, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,252,964, entitled "Authorization of Services In A Conditional

1    Access System."

2         73.    Cisco owns all right, title, and interest in the '964 patent, and has owned all

3    right, title, and interest throughout the period of the infringement complained of herein.

4         74.    On information and belief, OpenTV has directly and/or indirectly infringed

5    (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or

6    indirectly, at least Claim 1 of the '964 patent by making, using, selling, offering to sell, and/or

7    importing in or into the United States, without authority, conditional access apparatuses,

8    including without limitation its OpenTV middleware, for use in cable television networks in the

9    United States.   Through its activities in conjunction with selling, provisioning and supporting

10   conditional access apparatuses, including without limitation its OpenTV middleware, OpenTV

11   has induced and continues to induce cable television provider and/or end-users to directly infringe

12   at least one claim of the '964 patent.  For example, on information and belief, OpenTV actively

13   supports the operation of its conditional access apparatuses, including in the validation,

14   deployment, and continual operation of receiving content and entitlement information, such that

15   cable providers and/or end-users use its conditional access apparatuses for, e.g.,

16   encrypting/decrypting and providing/watching premium content, in a manner that infringes the

17   '964 patent.  OpenTV indirectly infringes one or more claims of each of the patents-in-suit by

18   contributory infringement.   By providing the conditional access apparatuses above, OpenTV

19   contributes to the direct infringement of cable television providers and/or end-users.   On

20   information and belief, OpenTV's middleware is the conditional access apparatus of cable

21   providers and end-users set-top boxes and is especially made for use as a conditional apparatus

22   for, e.g., encrypting/decrypting and providing/watching premium content, that infringes the '964

23   patent.

24         75.    On information and belief, Nagra USA has indirectly infringed (by

25   inducement), and is continuing to indirectly infringe at least Claim 1 of the '964 patent by

26   making, using, selling, offering to sell, and/or importing in or into the United States, without

27   authority, Nagra USA Media Access that supports and induces the use of conditional access

28   apparatuses for use in cable television networks in the United States.  Through its activities in

conjunction with selling, provisioning and supporting Nagra USA Media Access that supports and induces the use of conditional access apparatuses, for, e.g., encrypting/decrypting and providing/watching premium content, Nagra USA has induced and continues to induce cable television provider and/or end-users to directly infringe at least Claim 1 of the '964 patent. Specifically, upon information and belief, Nagra USA actively supports the operation of OpenTV's conditional access apparatuses, including in the design, support, validation, deployment, and continual operation of the conditional access protocols that work in conjunction with OpenTV's conditional access apparatuses in cable providers implementations, such that cable providers and/or end-users use OpenTV's access apparatuses for, e.g., encrypting/decrypting and providing/watching premium content, in a manner that infringes the '964 patent.

76.     Defendants' infringement of the '964 patent has injured Plaintiffs in their business and property rights.  Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

77.     Defendants' infringement of the '964 patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until Defendants' infringing activities are enjoined by this Court.

## COUNT IX

### (Infringement of U.S. Patent No. 6,744,892)

### (against OpenTV and Nagra USA)

78.     Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

79.     On June 1, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,744,892, entitled "Method and Apparatus for Geographically Limiting Service in a Conditional Access System."

80.     Cisco owns all right, title, and interest in the '892 patent, and has owned all right, title, and interest throughout the period of the infringement complained of herein.

81.     On information and belief, and after a reasonable opportunity for further

1    investigation or discovery it is expected to be confirmed, OpenTV has directly and/or indirectly
2    infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly
3    and/or indirectly, at least Claims 1, 12, and 20 of the '892 patent by making, using, selling,
4    offering to sell, and/or importing in or into the United States, without authority, Open TV
5    middleware that supports and induces the use of a receiver and method that selectively display a
6    service instance.   Through its activities in conjunction with selling, provisioning and supporting
7    Open TV middleware that supports and induces the use of a receiver and method that selectively
8    display a service instance, OpenTV has induced and continues to induce cable television provider
9    and/or end-users to directly infringe at least one claim of the '892 patent.   For example, on
10   information and belief, OpenTV actively supports the operation of its conditional access
11   apparatuses that practice a method that selectively display a service instance, including in the
12   validation, deployment, and continual operation of geographical blackout functionality, such that
13   cable providers and/or end-users use its conditional access apparatuses that practice a method that
14   selectively display a service instance in a manner that infringes the '892 patent.   OpenTV
15   indirectly infringes one or more claims of each of the patents-in-suit by contributory
16   infringement.  By providing Open TV middleware that supports and induces the use of a receiver
17   and method that selectively display a service instance, OpenTV contributes to the direct
18   infringement of cable television providers and/or end-users for, e.g., sending/receiving content
19   with geographic information.   On information and belief, OpenTV's middleware is the
20   conditional access apparatus of the cable providers and end-users set-top boxes, and includes the
21   software that selectively displays a service instance, is especially made for use as a conditional
22   apparatus that selectively displays a service instance for, e.g., sending/receiving content with
23   geographic information, in a manner that infringes the '892 patent.

24          82.     On information and belief, Nagra USA has directly and/or indirectly
25   infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly
26   and/or indirectly, at least Claims 1, 12, and 20 of the '892 patent by making, using, selling,
27   offering to sell, and/or importing in or into the United States, without authority, Nagra USA
28   Media Access that supports and induces the use of a receiver and method that selectively display

a service instance. Through its activities in conjunction with selling, provisioning and supporting Nagra USA Media Access that supports and induces the use of a receiver and method that selectively display a service instance, for, e.g., sending/receiving content with geographic information, Nagra USA has induced and continues to induce cable television provider and/or end-users to directly infringe at least Claims 1, 12, and 20 of the '892 patent. Nagra USA indirectly infringes one or more claims of each of the patents-in-suit by contributory infringement. By providing Nagra USA Media Access that supports and induces the use of a receiver and method that selectively display a service instance, for, e.g., sending/receiving content with geographic information, Nagra USA contributes to the direct infringement of cable television providers and/or end-users.

83. Defendants' infringement of the '892 patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

84. Defendants' infringement of the '892 patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until Defendants' infringing activities are enjoined by this Court.

## COUNT XI

### (Infringement of U.S. Patent No.7,505,592)

### (against OpenTV)

85. Cisco re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 40 above as relevant to this count.

86. On March 17, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,505,592, entitled "Apparatus for Entitling and Transmitting Service Instances to Remote Client Devices."

87. Cisco owns all right, title, and interest in the '592 patent, and has owned all right, title, and interest throughout the period of the infringement complained of herein.

88. On information and belief, and after a reasonable opportunity for further investigation or discovery it is expected to be confirmed, OpenTV has directly and/or indirectly

1   infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly

2   and/or indirectly, at least Claim 1 of the '592 patent by making, using, selling, offering to sell,

3   and/or importing in or into the United States, without authority, Open TV middleware that

4   practices a method that transmits a service instance to remote client devices in a local area

5   network.   Through its activities in conjunction with selling, provisioning and supporting Open

6   TV middleware that practices a method that transmits a service instance to remote client devices

7   in a local area network, for, e.g., multi-room DVR functionality, OpenTV has induced and

8   continues to induce cable television provider and/or end-users to directly infringe at least one

9   claim of the '592 patent.  OpenTV indirectly infringes one or more claims of each of the patents-

10  in-suit by contributory infringement. By providing OpenTV middleware that practices a method

11  that transmits a service instance to remote client devices in a local area network, for, e.g., multi-

12  room DVR functionality, OpenTV contributes to the direct infringement of cable television

13  providers and/or end-users.

14          89.     Defendants' infringement of the '592 patent has injured Plaintiffs in their

15  business and property rights.  Plaintiffs are entitled to recover monetary damages for such injuries

16  pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

17          90.     Defendants' infringement of the '592 patent has caused irreparable harm to

18  Plaintiffs and will continue to cause such harm unless and until Defendants' infringing activities

19  are enjoined by this Court.

## PRAYER FOR RELIEF

20  WHEREFORE, Cisco prays for relief as follows:

21          A.      Judgment in Cisco's favor on all claims for relief;

22          B.      A declaration in favor of Cisco that that its products and services do not

23  directly or indirectly infringe (whether literally or under the doctrine of equivalents) the claims of

24  U.S. Patent Nos. 5,585,858; 5,724,091; 5,761,606; 7,882,533; 7,900,233; and 7,961,743;

25          C.      A declaration in favor of Cisco that the claims of U.S. Patent Nos.

26  5,585,858; 5,724,091; 5,761,606; 7,882,533; 7,900,233; and 7,961,743 are invalid for failure to

27  comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of

the United States Code, including without limitation the provisions of §§ 102, 103, and/or 112;

D.    Judgment that Defendants have infringed, directly and indirectly, U.S Patent No. 6,252,964;

E.    Judgment that Defendants have infringed, directly and indirectly, U.S Patent No. 6,744,892;

F.    Judgment that OpenTV has infringed, directly and indirectly, U.S Patent No. 7,505,592;

G.    An order permanently enjoining Defendants from further infringement of U.S Patent Nos. 6,252,964; 6,744,892; and 7,505,592 as appropriate;

H.    An award of damages pursuant to 35 U.S.C. § 284;

I.    An order for an accounting of damages from Defendant's infringement;

J.    An award to Cisco of their costs and reasonable expenses to the fullest extent permitted by law;

K.    An award of such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January 18, 2013 _____Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: _____
Edward R. Reines
Attorneys for Plaintiffs