MICHAEL K. PLIMACK (CA Bar No. 133869)
Email: mplimack@cov.com
ELENA M. DIMUZIO (CA Bar No. 239953)
Email: edimuzio@cov.com
JEFFREY T. PEARLMAN (CA Bar No. 254759)
Email: jpearlman@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:    (415) 591-6000
Facsimile:    (415) 591-6091

ROBERT T. HASLAM (CA Bar No. 71134)
rhaslam@cov.com
MICHELLE L. MORIN (CA Bar No. 284789)
Email: mmorin@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, CA  94065-1418
Telephone:    (650) 632-4700
Facsimile:    (650) 632-4800

*Attorneys for Defendants OpenTV Inc. and Nagra USA, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.<br>CISCO TECHNOLOGY, INC.<br>NDS AMERICAS INC.<br>SCIENTIFIC ATLANTA LLC<br><br>      Plaintiffs,<br><br>      v.<br><br>OPENTV INC.<br>NAGRA USA, INC.,<br><br>      Defendants. | **Civil Case No. 5:13-cv-0282-EJD**<br><br>**DEFENDANTS' NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)**<br><br>**MOT. DATE:**    **April 1, 2013**<br>**HRG. DATE:**    **July 5, 2013**<br>**TIME:**    **9:00 a.m.**<br>**COURTROOM:**    **4, 5th Floor**<br>**JUDGE:**    **Hon. Edward J. Davila** |

**REDACTED PUBLIC VERSION**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................ i

**TABLE OF AUTHORITIES** ........................................................................................ iii

**NOTICE OF MOTION AND MOTION** ...................................................................... 1

I.      Overview ...................................................................................................... 2

II.     Factual Background ..................................................................................... 4

        A.      The Kudelski Group and Cisco ..................................................... 4

III.    Counts I through VI of the Complaint Should Be Dismissed Under Rule 12(b)(1)

        for Lack of Subject Matter Jurisdiction. ................................................. 10

        A.      Cisco Bears the Burden of Proving That a Justiciable Controversy Exists. ......... 10

        B.      Cisco Cannot Establish Jurisdiction Over Any Dispute Premised Upon

                Direct Infringement by Cisco. .............................................. 12

        C.      Cisco Cannot Establish Jurisdiction Over Any Dispute Premised Upon

                Contributory or Indirect Infringement By Cisco. ................................. 18

        D.      Even if Jurisdiction Exists, This Court Should Decline to Exercise

                Declaratory Judgment Jurisdiction Over Counts I-VI. ......................... 20

IV.     The Direct Infringement Allegations of Counts IX and XI, and the Indirect

        Infringement Allegations of Counts VII, IX and XI Fail to Meet the Pleading

        Requirements of Form 18 and *Twombly*. ........................................... 21

A.     Cisco Fails to Meet the Requirements of Form 18 Because Counts IX and
XI Fail to Sufficiently Allege that Any OpenTV Product Directly
Infringes. ........................................................................................... 22

B.     Cisco Also Fails to Plead Facts Creating a "Plausible" Claim For Relief
With Respect to Any Indirect Infringement. ....................................... 23

V.     CONCLUSION ................................................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3M Co. v. Avery Dennison Corp.*,
  673 F.3d 1372 (Fed. Cir. 2012) ............................................................20

*Adobe Sys. Inc. v. Kelora Sys. LLC*,
  No. C 11-3938, 2011 U.S. Dist. LEXIS 140675 (N.D. Cal. Dec. 7, 2011) ...........................20

*Applera Corp. v. Michigan Diagnostics, LLC*,
  594 F.Supp.2d 150 (D. Mass. 2009) ..................................................16

*Arris Group, Inc. v. British Telecomm's PLC*,
  639 F.3d 1368 (Fed. Cir. 2011) ....................................................18, 19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................*passim*

*Ass'n of Am. Med. Colleges v. United States*,
  217 F.3d 770 (9th Cir. 2000) .........................................................10

*Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*,
  689 F.3d 1303 (Fed. Cir.), *cert. granted on other grounds,* 133 S.Ct. 694 (2012) ................15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................*passim*

*In re Bill of Lading Transmission and Processing Sys. Patent Litigation.*,
  681 F.3d 1323 (Fed. Cir. 2012) ....................................................*passim*

*Brandywine Comm'ns Tech. LLC v. Casio Computer Co. Ltd.*,
  No. 6:12-cv-275, 2012 U.S. Dist. LEXIS 172588 (M.D. Fla. Dec. 5, 2012) ........................23

*Catheter Connections, Inc. v. Ivera Medical Corp.*,
  No. 2:12-cv-748, 2012 WL 4341743 (D. Utah Sept. 21, 2012) .............................22

*Cepheid v. Roche Molecular Sys., Inc.*,
  No. C-12-4411, 2013 WL 184125 (N.D. Cal. Jan. 17, 2013).....................12, 17, 20

*Cisco Sys., Inc. v. Alberta Telecomm's Research Centre*,
  No. C 12-3293, 2012 U.S. Dist. LEXIS 124549 (N.D. Cal. Aug. 31, 2012) ............10, 18, 19

*Dow Jones & Co., Inc. v. Ablaise, Ltd.*,
  606 F.3d 1338 (Fed. Cir. 2010) ....................................................17

*Elan Microelectronics Corp. v. Apple, Inc.*,
  No. C 09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ..........................24

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ..................................................................................19

*Gharb v. Mitsubishi Elec. Automation, Inc.*,
   No. 10 C 07204, 2012 WL 1986435 (N.D. Ill. June 4, 2012) ..................................22

*Hewlett-Packard Co. v. Acceleron LLC*,
   587 F.3d 1358 (Fed. Cir. 2009) ...........................................................................13, 15

*Impax Labs., Inc. v. Medicis Pharm. Corp.*,
   No. C-08-0253 MMC, 2008 WL 1767044 (N.D. Cal. Apr. 16, 2008)......................17

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*,
   599 F.3d 1377 (Fed. Cir. 2010), *cert. denied*, --- U.S. ---, 131 S.Ct. 424 (2010)............*passim*

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994)..................................................................................................10

*MedImmune, Inc. v. Centocor, Inc.*,
   409 F.3d 1376 (Fed. Cir. 2005), *overruled on other grounds, MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. ....................................................................................10

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)........................................................................................10, 11, 12

*Minnesota Mining & Mfg. Co. v. Norton Co.*,
   929 F.2d 670 (Fed. Cir. 1991) ..................................................................................10

*Ours Tech., Inc. v. Data Drive Thru, Inc.*,
   645 F. Supp. 2d 830 (N.D. Cal. 2009)......................................................................20

*Prasco LLC v. Medicis Pharmaceutical Corp.*,
   537 F.3d 1329 (Fed. Cir. 2008) ..........................................................................*passim*

*Robinson v. U.S.*,
   586 F.3d 683 (9th Cir. 2009) ....................................................................................10

*Savage v. Glendale Union High Sch., Dist. No. 205*,
   343 F.3d 1036 (9th Cir. 2003) ..................................................................................10

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
   665 F.3d 1269 (Fed. Cir. 2012) ................................................................................20

*Superior Ind., LLC v. Thor Global Enterprises Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012) ......................................................................4, 21, 22

**Statutes**

28 U.S.C. § 2201(a) (2006) ...............................................................................................10

35 U.S.C. § 271(b).............................................................................................................22

35 U.S.C. § 271(c).............................................................................................................22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Friday, July 5, 2013 at 9 a.m., or at another date as rescheduled by the Court in light of the furlough day now set for July 5, 2013 in the San Jose Division, in Courtroom 4 – 5th Floor of the United States District Court of the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA, 95113, Defendants OpenTV Inc. and Nagra USA, Inc. ("Defendants") shall present the instant Motion to Dismiss Counts I-VI of the Complaint in *Cisco Systems, Inc. v. OpenTV* Inc., Case No. 5:13-cv-00282-EJD, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of justiciability under Article III of the U.S. Constitution and lack of subject matter jurisdiction under the Declaratory Judgment Act.

The motion to dismiss the declaratory judgment claims is made on three separate grounds.  *First*, Plaintiffs Cisco Systems, Inc., Cisco Technology, Inc., NDS Americas Inc., and Scientific Atlanta LLC (collectively, "Plaintiffs" or "Cisco") cannot establish that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to create declaratory judgment jurisdiction relating to direct infringement by Cisco of any of the OpenTV U.S. patents set forth in the complaint.

*Second*, the complaint fails to allege, and Cisco cannot establish, the additional elements required for declaratory judgment jurisdiction premised upon indirect infringement by Cisco, with respect to the OpenTV U.S. patents named in the complaint, because OpenTV has not accused any known Cisco customer of infringing these patents.

*Third*, even if declaratory judgment jurisdiction did exist here, this Court should exercise its discretion not to find jurisdiction under the circumstances of this case.

Defendants also move to dismiss all the infringement allegations of Counts IX and XI as well as the indirect infringement allegations of Count VII[1] of the complaint under Rule 12(b)(6)

---

[1] There are no counts labeled "Count VIII" or "Count X" in the complaint.

1   of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be

2   granted, because Counts IX and XI of the complaint fail to meet the pleading standards set forth

3   in either Form 18 of the Federal Rules of Civil Procedure (for direct infringement claims) or

4   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-

5   678 (2009) (for indirect infringement claims).  In addition, the indirect infringement allegations

6   of Count VII also fail to meet the requirements of *Twombly* and *Iqbal* and should also be

7   dismissed.

8          This Motion is based on this Notice of Motion and Motion, the Memorandum of Points

9   and Authorities below, and such other submissions presented before or at the Motion hearing on

10  July 5, 2013.

11  **I.    Overview**

12         Cisco seeks declaratory judgment concerning six of OpenTV's U.S. patents.  Cisco bases

13  this request on vaguely-pleaded allegations centered around OpenTV's assertion, ████████

14  ████████████████████████████████████████████████████████████████████████.

15  But though Cisco asserts that declaratory judgment jurisdiction exists here due to the

16  "uncertainty" Cisco now feels as a result of those █████ communications, and Cisco's fear of

17  *possible* future infringement suits in the United States, *potentially* threatening Cisco's economic

18  interests through *possible* indemnification claims, these assertions are pure conjecture.  Cisco's

19  speculative assertions of possible future harm do not empower this Court to adjudicate a dispute

20  lacking sufficient reality and immediacy to present a justiciable controversy under Article III of

21  the U.S. Constitution.

22         Cisco's claims are based on its transparent attempt to manufacture the appearance of a

23  dispute concerning OpenTV's U.S. patents.  ████████████████████████████

24  ████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████

26  █████████████████████████████████████████████████

27  ████████████████████████████████████████████████████

28  ████████████████████████████████████████████

| | | |
|---|---|---|
| DEFENDANTS' MOTION TO DISMISS<br>Civil Case No. 5:13-cv-0282-EJD | 2 | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20          Cisco couples its declaratory judgment claims with conclusory allegations of direct and

21    indirect infringement of three of Cisco's own patents.  *See* Compl. Counts VII, IX, and XI.  But

22    with respect to at least Counts IX and XI, the complaint fails to meet either the direct

23    infringement pleading standard of Form 18, or the "plausibility" standard of *Twombly* and *Iqbal*

24    (which governs claims of contributory and induced infringement)—and though the direct

25    infringement claims of Count VII may pass muster under the "threadbare" recitals required

26    under Form 18, the indirect infringement allegations do not meet the *Twombly* standard.  First,

27    Cisco's allegations of direct infringement in Counts IX and XI make no attempt whatsoever to

28    allege *any* facts showing that any OpenTV product alone infringes, but rely instead on

1   allegations that OpenTV's middleware is used in "receivers" and "remote client devices," and in

2   conjunction with "cable television provider[s] and/or end users" who directly infringe. *See*

3   Compl. ¶¶ 81, 88. Second, Cisco fails to allege facts plausibly showing the requisite

4   knowledge, intent, or lack of substantial non-infringing uses required for all of its allegations of

5   indirect infringement, as required under *Twombly* and *Iqbal*. *In re Bill of Lading Transmission*

6   *and Processing Sys. Patent Litigation.*, 681 F.3d 1323, 1334 & 1336-37 (Fed. Cir. 2012)

7   (hereinafter "*Bill of Lading*"); *Superior Ind., LLC v. Thor Global Enterprises Ltd.*, 700 F.3d

8   1287, 1295-96 (Fed. Cir. 2012). Cisco therefore fails to state a claim upon which relief can be

9   granted, and the direct infringement allegations of Counts IX and XI as well as all the indirect

10  infringement allegations of Counts VII, IX and XI should be dismissed.

11  **II.      Factual Background**

12          **A.      The Kudelski Group and Cisco**

13          The "Kudelski Group" (Kudelski SA), of which Defendants OpenTV and Nagra USA

14  are subsidiaries, is a Swiss technology company whose business includes providing hardware

15  and software for use in digital television systems. *See* Declaration of Mark Beariault ("Beariault

16  Decl.") ¶¶ 3-4; Ex. A to Beariault Decl., 2011 Kudelski Group Annual Report[2] (cited at Compl.

17  ¶ 16), at "Key Figures" and 72. For example, OpenTV develops and sells set top box operating

18  system software ("middleware") primarily for cable and satellite television providers

19  worldwide. *Id.*; Kudelski Ann. Rpt. at 6. Kudelski's NAGRA subsidiaries provide technology

20  relating to conditional access systems ("CAS"), which perform security-related functions,

21  primarily for cable and satellite television providers. Beariault Decl. ¶ 3 and Ex. A, Kudelski

22  Ann. Rpt. at 10, 16, 19, 94. Kudelski's annual revenues from these digital television businesses

23  in 2011 totaled approximately 662 million Swiss francs, or approximately $702 million.

24  Beariault Decl. ¶ 4 and Ex. A, Kudelski Ann. Rpt. at "Key Figures." Cisco asserts that it and its

25  _____

26  [2] Hereinafter, "Kudelski Ann. Rpt." As set forth *infra* at 9, in deciding a factual motion to
    dismiss for lack of subject matter jurisdiction, the Court may consider any competent and
27  relevant evidence necessary to resolve the jurisdictional issue.

28

subsidiaries also supply these same technologies, and also hold patents protecting these types of technologies.  Compl. ¶¶ 4-6, 34-40.

---

[3] Defendants, and the Kudelski Group collectively, will hereinafter be referred to collectively as "OpenTV."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28









**III.    Counts I through VI of the Complaint Should Be Dismissed Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.**

**A.    Cisco Bears the Burden of Proving That a Justiciable Controversy Exists.**

OpenTV makes a "factual" challenge to the Court's jurisdiction to adjudicate the claims of Counts I through VI based upon the lack of a justiciable controversy between the parties. *Prasco LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008); *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). Because the Declaratory Judgment Act is not an independent basis for jurisdiction, it provides subject matter jurisdiction only over "Cases" and "Controversies" that are justiciable under Article III. *Prasco*, 537 F.3d at 1335 (quoting U.S. Const. Art. III, § 2); 28 U.S.C. § 2201(a) (2006). When extrinsic evidence is presented in a factual challenge, "the moving party may submit affidavits or any other evidence properly before the court." *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000) (citations omitted).

The party asserting jurisdiction then bears the burden of showing that jurisdiction is proper. *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations and quotation marks omitted). As "no presumptive truthfulness attaches to plaintiff's allegations," *id.,* the court may look to the extra-pleading material to determine the facts and resolve the jurisdictional issue, and should presume a lack of jurisdiction until the party asserting jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[4]

---

[4] Federal Circuit law governs whether an actual case or controversy exists to support jurisdiction for a patent infringement case. *See Cisco Sys., Inc. v. Alberta Telecomm's Research Centre*, No. C 12-3293, 2012 U.S. Dist. LEXIS 124549, at *5 (N.D. Cal. Aug. 31, 2012) (citing *Minnesota Mining & Mfg. Co. v. Norton Co.,* 929 F.2d 670, 672 (Fed. Cir. 1991)). *See also MedImmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1378 (Fed. Cir. 2005) ("Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law."), *overruled on other grounds, MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 130-31 (2007).

It is well-established that Article III jurisdiction requires a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations omitted). The dispute must be "real and substantial," that is, the facts alleged, under all the circumstances, must establish "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* Although the jurisdictional issue can be analyzed in terms of either standing or ripeness, *id.*, "there is no bright-line rule for determining whether an action satisfies the case or controversy requirement." *Prasco*, 537 F.3d at 1336 (citing *MedImmune*, 549 U.S. at 127). Instead, under Federal Circuit precedent, a fact-based, "all the circumstances" test determines when a party has standing to seek declaratory judgment of non-infringement or invalidity of a patent, guided by a number of factors, including:

1) the depth and extent of the infringement analysis conducted by the patent holder;

2) the strength of any threatening language in communications between the parties;

3) whether the patent holder imposed a deadline to respond;

4) any prior litigation between the parties;

5) the patent holder's history of enforcing the patent-in-suit;

6) whether the patent holder's threats have induced the alleged infringer to change its behavior;

7) the number of times the patent holder has contacted the alleged infringer;

8) whether the patent holder is simply a holding company with no sources of income other than enforcing patent rights;

9) whether the patentee refused to give assurance that it will not enforce its patent;

10) whether the patent holder has identified a specific patent and specific infringing products;

11) the extent of the patent holder's familiarity with the product prior to the suit;

12) the length of time transpired after the patent holder asserted infringement;

13) and whether communications initiated by the declaratory judgment plaintiff have the appearance of an attempt to create a controversy in anticipation of filing suit.

*Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411, 2013 WL 184125 at *6 (N.D. Cal. Jan. 17, 2013) (citations omitted, numbering added).  Here, these factors and "all the circumstances" relating to this case demonstrate that there was no "dispute as to a legal right" between Cisco and OpenTV with respect to OpenTV's U.S. patents when Cisco precipitously filed suit.  Likewise, there was no controversy with the "immediacy and reality" required for declaratory judgment jurisdiction over Cisco's challenge to OpenTV's U.S. patents.

      **B.**    **Cisco Cannot Establish Jurisdiction Over Any Dispute Premised Upon Direct Infringement by Cisco.**

███████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

████████████  Far from avoiding imminent injury or coercive tactics perpetrated by OpenTV, Cisco uses its own coercive acts to hale a competitor into federal court.  That alone is reason to deny declaratory judgment jurisdiction in this case.  *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1381-82, 1384 (Fed. Cir. 2010), *cert. denied*, --- U.S. ---, 131 S.Ct. 424 (2010) (finding inappropriate declaratory plaintiff's use of a "ploy to attempt to generate jurisdiction," as "this strategy did not comport with the purposes of the Declaratory Judgment Act.").

      Additionally, *none* of the factual circumstances relevant to the jurisdictional analysis favors a finding of jurisdiction here.  *See Cepheid*, 2013 WL 184125 at *6.

1    *1) Depth and extent of infringement analysis.* ████████████████████

2    ████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████

6    ████████████████████████████████████ No claim against Cisco has ever been

7    asserted by OpenTV with respect to the six U.S. patents Cisco identifies in its complaint.

8    Without any clearly delineated, adverse positions on any specific U.S. patents or products, there

9    can be no definite or concrete justiciable controversy between Cisco and OpenTV.  *Cf. Prasco*,

10   537 F.3d at 1339-40 and n.8 (lack of any "concrete claim of a specific right" was important

11   factor weighing against finding of actual controversy).

12   *2) Threatening language between the parties.* ████████████████████

13   ██████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████

15   ██████████████████████████████████████████████████████████

16   ██████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████

18   ██████████████████████████████████████████████.

19   *3) Whether OpenTV imposed a deadline.* ████████████████████████

20   ████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████

22   ██████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████

24   ██████████████████████████████████████████████████████████

25   ██████████████████████████████████████████████████████████

26   ██████████████████████████████████████████████████████████

27   ██████████████████████████████████████████████████████████

28   ██████████████████████████████████████████████████████████

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 █████████████

5     *4) Prior litigation between the parties.* ████████████████████████

6 █████████████████████████████████████

7     *5) OpenTV's history of enforcing the patent-in-suit.*  OpenTV has never asserted the six

8 U.S. patents Cisco targets for its Declaratory Judgment complaint against Cisco or any known

9 Cisco customer.[5]  Cisco alleges that jurisdiction can be based upon OpenTV's decision to hire

10 certain individuals, or a general commitment to enforce its patent portfolio.  Compl. ¶ 19.  But

11 even if OpenTV had expressed a generalized commitment to enforce an entire portfolio

12 encompassing approximately 4,000 worldwide patents, this is not a "concrete claim of a specific

13 right," *see Prasco*, 537 F.3d at 1339-40 and n.8, and it cannot give rise to a specific and

14 concrete dispute over the six U.S. patents Cisco names in its declaratory claims.  *Cf. Innovative*

15 *Therapies* 599 F.3d at 1381-82 (history of litigation to enforce patents against others did not

16 establish actual controversy over the declaratory plaintiff's particular product).

17     *6) Whether OpenTV's threats have induced Cisco to change its behavior.*  OpenTV has

18 made no threats against Cisco.  *See supra* II.B-E.  █████████████████████████

19 █████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 █████████████████████████████████████████████████████████

22

---

23 [5] Cisco attempts to justify jurisdiction based on a case OpenTV filed against Netflix. The

24 Netflix case relates to a different party and different accused products, and asserts different patents from those Cisco targets for declaratory judgment. Compl. ¶ 18 and Ex. 1.  Specifically,

25 the Netflix case involves "Over The Top" ("OTT") services.  *Id.*; *see* Beariault Decl. ¶ 3.  The

26 Federal Circuit has held that one prior suit "concerning different products covered by unrelated patents is not the type of pattern of prior conduct that makes reasonable an assumption that [the

27 patentee] will also take action against [the plaintiff] regarding" a different product.  *Prasco*, 537 F.3d at 1341.  Accordingly, the Netflix suit cannot create a justiciable controversy here.

28

---

1

2

3

4

5

6

7     Cisco's complaint, which relies on speculative predictions that Cisco's customers will be sued,

8     conclusory statements of "uncertainty" over future infringement claims, and unspecified "injury

9     to Cisco's efforts to market and sell its products and services," does not and cannot offer any

10     facts to the contrary. *See also Prasco*, 537 F.3d at 1338 (neither claims of "paralyzing"

11     uncertainty nor "subjective chill" from fear of infringement suit substitute for "specific present

12     objective harm or a threat of specific future harm") (citations omitted).

13         *7) Number of times OpenTV contacted Cisco.*  OpenTV never contacted Cisco to assert

14     any OpenTV U.S. patent, including those named in Cisco's declaratory suit.  OpenTV also

15     never alleged infringement of its U.S. patents by any Cisco customer.

16

17

18

19

20

21         *8) Whether the patentee is a non-practicing entity whose only source of revenue comes*

22     *from enforcement of its patent rights.*  OpenTV is not a non-practicing entity, but rather a

23     provider of middleware, CAS, and related technologies, receiving the bulk of its revenues from

24     sales of products and related services, most of which OpenTV invented or developed internally.

25     *See supra* II.A; *see generally* Kudelski Ann. Rpt. (Beariault Decl. Ex. A); *see also* Compl. ¶¶

26     11-12, 74-75, 81-82, 88.

27

28

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4      *9) Whether OpenTV refused to give assurances of non-enforcement.* ████

5 ██████████████████████████████████████████████████

6 ██████████████████████████████████████████

7 ███████████████████████████████████████████████

8 ██████████████████████████████████████████████████

9      *10) Whether OpenTV identified specific patents and specific infringing products.*

10 Cisco's arbitrary selection of six U.S. patents held by OpenTV has no basis in any

11 communication by OpenTV, ███████████████████████████████

12 ████████████████████. Indeed, OpenTV never identified any specific Cisco products that

13 might infringe any U.S. patent, including the U.S. patents named in the complaint. *See Applera*

14 *Corp. v. Michigan Diagnostics, LLC*, 594 F.Supp.2d 150, 158-60 (D. Mass. 2009) (concluding

15 that broad assertions relating to an entire patent portfolio, absent any particularized suggestion

16 of infringement, did not constitute an Article III case or controversy).

17      *11) Extent of OpenTV's familiarity with the product prior to suit.* ███████

18 ██████████████████████████████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████

22 ██████████████████████████████████████████████

23 ███████████████████████████████████████████████

24 ██████████████████████████████████

25      *12) Whether communications by Cisco were attempts to create a controversy.* ██

26 ████████████████████████████████████████████████

27 ████████████████████████████████████████████

28 ██████████████████████████████████████████████████

1 ████████████████████████████████████████████████████████

2    Viewed generously, Cisco's conduct appears calculated to create the appearance of a dispute

3 over OpenTV's U.S. patents to attempt to create declaratory judgment jurisdiction. *Cf.*

4 *Innovative Therapies*, 599 F.3d at 1381 (rejecting declaratory plaintiff's attempt to create

5 jurisdiction from phone calls to declaratory defendant, initiated by declaratory plaintiff).  Even

6 if jurisdiction could exist on the facts of this case (and it cannot), this factor would weigh

7 heavily against the discretionary exercise of such jurisdiction under the circumstances.

8        In sum, none of the *Cepheid* factors weighs in favor of declaratory judgment jurisdiction.

9 Nor do any other circumstances listed in the complaint.  *See* Compl. ¶¶ 17-19. ████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████

18 ██████████████████████████████████████████   Neither OpenTV's

19 generalized statements of commitment to patent enforcement, nor its hiring decisions[7], nor the

---

[6] Indeed, Cisco's Italian court action already completely addresses the issues Cisco raises here, and does so in a more appropriate forum.

[7] *See* Compl. ¶ 19 (alleging that OpenTV's hiring of certain individuals can give rise to declaratory judgment based on those individuals' previous work experience).  This allegation fails to support Cisco's attempt to manufacture jurisdiction for numerous reasons, among them that hiring employees does not constitute taking an adverse legal position with respect to any party, product, patent, or right.  *See, e.g., Impax Labs., Inc. v. Medicis Pharm. Corp.*, No. C-08-0253 MMC, 2008 WL 1767044, at *1, *3 (N.D. Cal. Apr. 16, 2008) appeal dismissed under Fed. R. App. P. 42(b), 328 F. App'x 635 (Fed. Cir. 2008) (district court found declaratory jurisdiction not present, where premised upon patentee's public statements regarding enforcement of its patents, including that patentee had "hired a couple of [law] firms that . . . are vicious in their enforcement and protection of patents").

assertion of its European patents, nor Cisco's claims regarding similarities between those

European patents and the patents-in-suit, nor any action by OpenTV against other parties (*e.g.*

Netflix), has created any adverse legal interest, any real and immediate controversy, or any

dispute as to any specific claim of right, between OpenTV and Cisco regarding the U.S. patents

Cisco attacks in its declaratory claims.

### C. Cisco Cannot Establish Jurisdiction Over Any Dispute Premised Upon Contributory or Indirect Infringement By Cisco.

Cisco also cannot establish declaratory judgment jurisdiction premised upon any

potential claims stemming from *indirect* infringement by Cisco in relation to direct infringement

allegations by OpenTV against Cisco customers.  To assert jurisdiction on this basis, Cisco is

required to plead additional facts sufficient to show that indirect (contributory or induced)

infringement allegations against Cisco would meet the "plausibility" standard of *Twombly* and

*Iqbal*.  *See Bill of Lading*, 681 F.3d at 1334 & 1336-37.  This is because declaratory jurisdiction

requires that there be an underlying cause of action that the declaratory defendant could have

brought or threatened to bring.  *Arris Group, Inc. v. British Telecomm's PLC*, 639 F.3d 1368,

1374 (Fed. Cir. 2011).  Under this standard, a supplier might have standing to commence a

declaratory judgment action based upon the patentee's threats against the supplier's customers if

(a) the supplier alleges that it is obligated to indemnify its customers from infringement liability,

or (b) there is a controversy between the patentee and the supplier as to the supplier's liability

for indirect (contributory or induced) infringement.  *Id.* at 1375.  But where the patentee has not

alleged that the supplier's products are "material" to practicing the patented process, have no

non-infringing uses, or are known to be especially made or especially adapted for use in

infringement, the supplier (here, Cisco) may *not* assert declaratory judgment jurisdiction

because the patentee has not sufficiently alleged contributory infringement.  *Cisco Sys. v.

Alberta Telecomm's Research Centre*, No. C 12-3293, 2012 U.S. Dist. LEXIS 124549, at *8-9

(N.D. Cal. Aug. 31, 2012).  Likewise, where the patentee's infringement contentions against

customers do not allege that the supplier *knew* the customers were infringing the patents and

*specifically intended* to encourage infringement, the supplier may not assert declaratory

1   judgment jurisdiction based upon induced infringement, because the patentee has not

2   sufficiently alleged induced infringement.  *Id.* (finding that Cisco could not establish declaratory

3   judgment jurisdiction based on either indirect or contributory infringement allegations by

4   Alberta).

5          Here, Cisco has identified no U.S. customer that OpenTV has accused of infringement,

6   because OpenTV has never accused Cisco or any known Cisco customer on any of these six

7   U.S. patents.  *Cf. Arris*, 639 F.3d at 1376-77 (patentee accused declaratory plaintiff's customers

8   of direct infringement of various system and method claims implicated in the declaratory

9   judgment suit); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (to establish

10  contributory infringement, a patent owner must show that there is direct infringement).

11  Therefore, Cisco does not allege and could not conceivably show that it must indemnify any

12  customer accused of infringing any of the six patents named in this suit, nor that allegations

13  against any customer could give rise to declaratory judgment jurisdiction based on indirect

14  infringement.  Cisco thus not only fails to meet the "all the circumstances" test set forth above

15  (III.A-B), but also fails to allege any of the additional facts required for declaratory judgment

16  jurisdiction premised upon any direct infringement allegations by OpenTV against any Cisco

17  customer.

18         Cisco alleges only a subjective belief that some unidentified Cisco customers *might* be

19  accused of infringement, at some future date, by OpenTV, and that Cisco thus fears "*possible*

20  obligations flowing from claims for indemnity."  Compl. ¶ 19 (emphasis added).  But this

21  merely reflects Cisco's speculative fear of future harm, not a real and immediate controversy.

22  These allegations cannot establish any adverse legal interest stemming from accusations against

23  Cisco's U.S. customers.  Cisco's speculations cannot create declaratory judgment jurisdiction.

24  *Prasco*, 537 F.3d at 1339.

25         Furthermore, the mere fact that Cisco supplied components to any alleged infringer,

26  without more, does not create a dispute regarding indirect infringement.  *Cisco Sys.*, 2012 U.S.

27  Dist. LEXIS 124549 at *13; *Arris Group*, 639 F.3d at 1374-75.  For instance, Cisco cannot point

28  to any OpenTV allegation against a Cisco customer that compels or even suggests the

conclusion that Cisco's U.S. products have no non-infringing uses, nor any allegation against a Cisco customer in the U.S. suggesting that Cisco had the intent to induce infringement, with respect to these six U.S. patents. *Cf. Adobe Sys. Inc. v. Kelora Sys. LLC*, No. C 11-3938 CW, 2011 U.S. Dist. LEXIS 140675, at *13-14 (N.D. Cal. Dec. 7, 2011) (citing *Ours Tech., Inc. v. Data Drive Thru, Inc.*, 645 F. Supp. 2d 830, 839 (N.D. Cal. 2009)). Cisco therefore fails to establish the basic elements required for declaratory judgment jurisdiction based on indirect infringement via Cisco's customers.

For all the foregoing reasons, Cisco has not shown that declaratory judgment jurisdiction exists in the case under either a direct infringement theory, or an indirect infringement theory.

**D.     Even if Jurisdiction Exists, This Court Should Decline to Exercise Declaratory Judgment Jurisdiction Over Counts I-VI.**

District courts possess "broad" discretion to decide "whether and when to entertain an action under the Declaratory Judgment Act." *Cepheid*, 2013 WL 184125 at *7 (quoting *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1376 (Fed. Cir. 2012); *Innovative Therapies*, 599 F.3d at 1385 ("no abuse of discretion" in discretionary dismissal of declaratory judgment claims). The circumstances of this case militate against the exercise of jurisdiction.

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████ Cisco's initiation of this suit defeats the purposes of the Declaratory Judgment Act by allowing Cisco to create jurisdiction over patents never raised by OpenTV.

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████ Indeed, Cisco has loudly and publicly

proclaimed its views regarding any entity that Cisco deems problematic (*i.e.* all those that own

even potentially adverse patents), labeling all such parties as "trolls" and "racketeers." *See, e.g.*,

Declaration of Michael Plimack ¶ 2 and Ex. AB (Oct. 26, 2012 Newstex LLC, "Cisco's CEO

Rips Into the Patent System and All Who Abuse It, Big or Small") (quoting Cisco CEO John

Chambers, who noted that "[t]here are patent trolls everywhere" and criticized patentees for

"suing your peers"), Ex. AC. (Nov. 12, 2012 Wall St. Journal, "Cisco Calls Patent Trolls

Racketeers") (quoting Cisco General Counsel Mark Chandler's comment labeling patentees as

racketeers).  Cisco's misguided use of declaratory judgment to mount a validity challenge to

OpenTV's U.S. patents here merely reflects Cisco's inappropriately aggressive strategy against

a competing technology provider.  Cisco's purpose is inconsistent with that of the Declaratory

Judgment Act, and should not be countenanced by this Court.

**IV.     The Direct Infringement Allegations of Counts IX and XI, and the Indirect Infringement Allegations of Counts VII, IX and XI Fail to Meet the Pleading Requirements of Form 18 and *Twombly*.**

Cisco also alleges, in Counts VII, IX and XI, direct and indirect infringement by

OpenTV of three of Cisco's own patents.  But all the infringement allegations of Counts IX and

XI, and at least the indirect infringement allegations of Count VII, should be dismissed pursuant

to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Form 18 of the Federal Rules of Civil Procedure provides the pleading standard for

direct infringement claims, while the "plausibility" standard of *Twombly* and *Iqbal* governs the

claims of indirect infringement.  *Bill of Lading*, 681 F.3d at 1334 & 1336-37; *Superior Ind.,*

*LLC*, 700 F.3d at 1295-96; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plaintiff must

allege facts sufficient to "raise a right to relief above the speculative level"); *Ashcroft v. Iqbal*,

556 U.S. 662, 667-668 (2009) (must allege facts that add up to "more than a sheer possibility

that a defendant has acted unlawfully").  Thus, to adequately allege direct infringement, Cisco

must plead, *inter alia*, that *OpenTV* has infringed the patent "by making, selling, and using [the device] embodying the patent.'"  *Superior Ind., LLC*, 700 F.3d at 1295.  To adequately allege indirect infringement, Cisco must plead facts plausibly showing that (1) OpenTV specifically intended its customers to infringe and knew that its customers' acts constituted infringement (for induced infringement under 35 U.S.C. § 271(b)), and (2) the components sold or offered for sale have no substantial non-infringing uses (for contributory infringement under 35 U.S.C. § 271(c)).  *Bill of Lading*, 681 F.3d at 1337-39.  Cisco's complaint fails to adequately plead infringement under either of these standards.

### A.  Cisco Fails to Meet the Requirements of Form 18 Because Counts IX and XI Fail to Sufficiently Allege that Any OpenTV Product Directly Infringes.

Cisco's allegations of Counts IX and XI fail to meet even the most basic requirement of Form 18—identification of an accused product that directly infringes—because Cisco makes no allegation that any specific OpenTV product, alone, directly infringes any claim of Cisco's patents.  *Cf. Catheter Connections, Inc. v. Ivera Medical Corp.*, No. 2:12-cv-748, 2012 WL 4341743, *1 (D. Utah Sept. 21, 2012) (Form 18 requirements not met where complaint failed to allege that a defendant's device embodies the patented invention); *Gharb v. Mitsubishi Elec. Automation, Inc.*, No. 10 C 07204, 2012 WL 1986435, *4 (N.D. Ill. June 4, 2012) (dismissing direct infringement claim where patentee failed to identify which security system component products of the accused infringer were alleged to be "security systems" covered by the patent). Instead, Cisco alleges that it requires "a reasonable opportunity for further investigation or discovery" before it "expect[s] to . . . confirm[]" that OpenTV's middleware is used by *third parties* ("cable television provider[s] and/or end users") who directly infringe.  *See* Compl. ¶¶ 81, 88.  Cisco never alleges that any OpenTV product or service *itself* directly infringes any claim.  Instead, Cisco recites selected words from the asserted claims, then accuses an unidentified group of OpenTV customers of somehow, possibly, directly infringing those claims by using some product in the OpenTV product line.  *Id.*  Because Cisco fails to identify whether (or how) any OpenTV product alone purportedly directly infringes, Counts IX and XI of Cisco's complaint fail to sufficiently plead direct infringement, and these claims should be dismissed.

**B.      Cisco Also Fails to Plead Facts Creating a "Plausible" Claim For Relief With Respect to Any Indirect Infringement.**

All of the indirect infringement allegations in Cisco's complaint fall far short of the pleading standard governing these claims.  Unlike the Form 18 standard for direct infringement claims, this standard requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.  But Cisco avers only that OpenTV indirectly infringes the asserted patents by "actively support[ing] the operation of its conditional access apparatuses . . . in a manner that infringes the '964 patent," and "by providing . . . conditional access apparatuses."  Compl. ¶ 74.  Similarly, Cisco states that "OpenTV's middleware . . . is especially made for use as a conditional apparatus for, e.g., encrypting/decrypting and providing/watching premium content, that infringes the '964 patent." *Id.*; *see also* Compl. ¶¶ 75, 81, 82, 88 (each containing similarly vague and conclusory statements of contributory or induced infringement).  These are no more than Cisco's restatements of what the asserted claims purportedly cover, combined with conclusory allegations reciting some (but not all) of the elements of indirect infringement, and are thus utterly insufficient.

Most importantly, Cisco fails to allege, even in conclusory fashion, all the required elements for indirect infringement.  For instance, Cisco makes no attempt to plead *any* facts establishing the required knowledge by OpenTV of the asserted Cisco patents, nor any specific intent of OpenTV to induce their infringement—both of which are required under *Twombly*. *Bill of Lading*, 681 F.3d at 1339; *see also, e.g.*, *Brandywine Comm'ns Tech. LLC v. Casio Computer Co. Ltd.*, No. 6:12-cv-275, 2012 U.S. Dist. LEXIS 172588 at *23-24 (M.D. Fla. Dec. 5, 2012) ("*Casio*").  Nor does Cisco attempt to plead any facts going to the requisite lack of substantial non-infringing uses for any accused product.  *Bill of Lading,* 681 F.3d at 1337-38; *see also, e.g.*, *Casio*, 2012 U.S. Dist. LEXIS 172588 at *23, *31.

All in all, Cisco *pleads not a single fact* sufficient to show that its infringement claims are anything more than speculative.  As described above, Cisco even qualifies its own allegations in Counts IX and XI, noting that after "a reasonable opportunity for further

investigation or discovery" it is merely "expected to be confirmed" that infringement has occurred.  Compl. ¶¶ 81, 88.  Such allegations are insufficient to support Cisco's claims of direct and indirect infringement.  *See Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) (complaint claiming "direct[] and/or indirect[]" infringement, evaluated in light of Form 18 and *Twombly*, was insufficiently pled where the "gist of the allegations is . . . 'there may or may not be infringement, we need further discovery to find out'").  All of Cisco's facially inadequate claims for indirect infringement should therefore be dismissed.

## V.       CONCLUSION

For the foregoing reasons, Counts I-VI, IX, and XI of Cisco's complaint should be dismissed in their entirety, as should Cisco's claims for indirect (contributory and induced) infringement in Count VII.

DATED:  April 1, 2013

COVINGTON & BURLING LLP

By: /s/ *Michael K. Plimack*

MICHAEL K. PLIMACK (CA Bar No. 133869)
Email: mplimack@cov.com
ELENA DIMUZIO (CA Bar No. 239953)
Email: edimuzio@cov.com
JEFFREY T. PEARLMAN (CA Bar No. 254759)
Email: jpearlman@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA  94111-5356
Telephone:     (415) 591-6000
Facsimile:      (415) 591-6091

ROBERT T. HASLAM (CA Bar No. 71134)
rhaslam@cov.com
MICHELLE L. MORIN (CA Bar No. 284789)
Email: mmorin@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, CA  94065
Telephone:     (650) 632-4700
Facsimile:      (650) 632-4800

*Attorneys for Defendants OpenTV Inc. and Nagra USA, Inc.*