**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., ET AL., | Case No.: 5:13-CV-0282-EJD |
| Plaintiffs, | **ORDER DENYING CISCO'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** |
| v. | |
| OPENTV INC., ET AL., | |
| Defendants. | **[Re: Docket No. 25]** |

Presently before the court in this declaratory judgment and patent infringement action is Plaintiffs Cisco Systems, Inc., Cisco Technology, Inc., NDS Americas Inc., and Scientific Atlanta LLC's (collectively, "Cisco") Motion for Leave to Conduct Jurisdictional Discovery.  Dkt. No. 25. The court previously shortened the briefing schedule, and by agreement of the parties, took the motion under submission.  See Dkt. No. 32.  Having reviewed the parties' briefing, and for the foregoing reasons, the court DENIES Cisco's motion.

Case No.: 5:13-CV-0282-EJD
ORDER DENYING CISCO'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

**I.    Background**

    Cisco filed this action against Defendants OpenTV Inc. and Nagra USA, Inc. (collectively, "OpenTV") on January 18, 2013, alleging that OpenTV, the owner of all right, title, and interest in U.S. Patent Nos. 5,585,858; 5,724,091; 5,761,606; 7,882,533; 7,900,233; and 7,961,743, had threatened Cisco and its customers with litigation based upon these patents.  Dkt. No. 1.  In its Complaint, Cisco asserts that declaratory judgment jurisdiction exists based on OpenTV's declining revenues, publicly stated plans to enforce its patent portfolio, hiring of patent enforcement professionals in the U.S., lawsuit against Netflix, and threats to Cisco's customers abroad, as well as the course-of-dealing between the parties and the fact that the patents-in-suit are similar to the foreign patents that OpenTV has accused Cisco's customer of infringing in Italy. Dkt. No. 1 ¶¶ 11-12, 17-19.

    On April 1, 2013, OpenTV moved to dismiss the declaratory judgment claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Dkt. No. 21.  In its motion and accompanying declarations, OpenTV provides the court with factual assertions regarding the course-of-dealing between the two parties.  Most importantly, OpenTV's submissions reveal that OpenTV did not approach Cisco at all, let alone engage Cisco in any discussion regarding any of OpenTV's U.S. patents.  Rather, its only contact with Cisco came through negotiations in Italy regarding potential infringement of OpenTV's European patents by Sky Italia, an Italian company and Cisco customer.  Cisco has not explicitly denied these assertions, but instead has moved for leave to conduct jurisdictional discovery in order to respond to OpenTV's motion and factual challenge.  Particularly, Cisco seeks to discover, through depositions and document production, information relating to OpenTV's patent enforcement plans, including its targets, its infringement allegations against Sky Italia, its infringement allegations regarding European patents, its infringement allegations regarding its U.S. patents with respect to Cisco's products and services, its course of dealing with Netflix, and its financial position.  See Dkt. No. 25-1.

Case No.: 5:13-CV-0282-EJD
ORDER DENYING CISCO'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL
DISCOVERY

United States District Court
For the Northern District of California

## II.    Discussion

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction…any court of the United States…may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  "The phrase 'a case of actual controversy' in the Act refers to the types of 'cases' and 'controversies' that are justiciable under Article III of the U.S. Constitution."  Ass'n for Molecular Pathology v. U.S. Patent and Trademark Office, 689 F.3d 1303, 1318 (Fed. Cir. 2012) (citing Aetna Life Ins. v. Haworth, 300 U.S. 227, 239–40 (1937)); see MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126-27 (2007).  Notwithstanding Cisco's assertion to the contrary, "whether an actual case or controversy exists so that a district court may entertain an action for declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." MedImmune, Inc. v. Centocor, Inc., 409 F.3d 1376, 1378 (Fed. Cir. 2005), rev'd on other grounds, 549 U.S. at 130-31 (2007).

The declaratory judgment plaintiff bears the burden of proving that the facts alleged, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, 549 U.S. at 127 (quoting Md.Casualty Co. v. Pac. Coal & Oil Co., 312 U.S. 270 (1941)).  This controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests," such that the dispute is "real and substantial" and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  MedImmune, 549 U.S. at 127. The Federal Circuit has instructed that to establish standing, "a declaratory judgment plaintiff must allege both (1) an affirmative act by the patentee related to the enforcement of his patent rights and (2) meaningful preparation to conduct potentially infringing activity." Ass'n for Molecular Pathology, 689 F.3d at 1318 (evaluating the injury-in-fact requirement for declaratory judgment standing) (internal citations omitted).

Case No.: 5:13-CV-0282-EJD
ORDER DENYING CISCO'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

United States District Court
For the Northern District of California

1    Prior to the Supreme Court's opinion in MedImmune, the affirmative act taken by the

2    patentee must have been sufficient to give the declaratory judgment plaintiff a "reasonable

3    apprehension of suit" in order to convey standing. See SanDisk Corp. v. STMicroelectronics, Inc.,

4    480 F.3d 1372, 1379-80 (Fed. Cir. 2007). Post-MedImmune, however, the court must look at "all

5    the circumstances" to determine whether an affirmative act occurred. Ass'n for Molecular

6    Pathology, 689 F.3d at 1318. Cisco contends that under this lower standard, any affirmative act,

7    whether known or unknown to Cisco at the time, suffices to convey declaratory judgment standing.

8    OpenTV appears to suggest that only those facts known to Cisco at the time can form a basis for

9    standing. Neither party's presentation of the standard is entirely accurate.

10    While the MedImmune court expanded declaratory judgment jurisdiction to include

11    meritorious cases in which a clear affirmative act could not be established, it did not open the

12    floodgates to allow suits based on little more than suspicion. See Hewlett-Packard Co. v.

13    Acceleron LLC, 587 F.3d 1358, 1362 (Fed. Cir. 2009) (explaining that "it is implausible

14    (especially after MedImmune and several post MedImmune decisions from this court) to expect

15    that a competent lawyer drafting…correspondence for a patent owner would identify specific

16    claims, present claim charts, and explicitly allege infringement."); Ass'n for Molecular Pathology,

17    689 F.3d at 1319-20 ("following MedImmune, this court has continued to hold that declaratory

18    judgment jurisdiction will not arise merely on the basis that a party learns of the existence of an

19    adversely held patent, or even perceives that such a patent poses a risk of infringement, in the

20    absence of some affirmative act by the patentee") (internal citations omitted). To assist the lower

21    courts in distinguishing the meritorious cases from the fishing expeditions, the Federal Circuit has

22    made clear that, even post-MedImmune, a patentee's internal investigation or its subjective beliefs

23    regarding infringement are still not relevant to the question of declaratory judgment jurisdiction.

24    Rather, it is "the objective words and actions of the patentee that are controlling." Hewlett-

25    Packard, 587 F.3d at 1363. If the patentee has not acted towards the declaratory judgment plaintiff,

26    standing will not be found. See Ass'n for Molecular Pathology, 689 F.3d  at 1323 (holding that

27

28

4

1  plaintiffs who had not been targeted by any affirmative acts of the patentee, but rather only alleged

2  market knowledge that they could be sued, did not have declaratory judgment standing).

3       A review of the Complaint reveals the following possible affirmative acts upon which

4  Cisco relies: "OpenTV's infringement allegations against Cisco's products and services," "its

5  comments during discussions with Cisco," and "the course of dealings between Cisco and

6  OpenTV." Dkt. No. 1 at ¶ 19. OpenTV raises a factual challenge to these allegations, arguing that

7  the only possible affirmative act towards Cisco is OpenTV's approaching Sky Italia regarding

8  OpenTV's European patents. <u>See</u> Dkt. No. 35 at 1. Cisco has not suggested or alleged that

9  OpenTV has contacted it or any of its customers regarding any of OpenTV's U.S. patents or

10 mentioned any U.S. patents in the parties' conversations. Nor does Cisco request discovery

11 designed to support any such allegations. Therefore, Cisco is left to convince the court that "all the

12 circumstances" surrounding the Sky Italia negotiations show there is an affirmative act that has

13 created a "definite and concrete" dispute between itself and OpenTV in the United States.

14 <u>MedImmune</u>, 549 U.S. at 127.

15       Because a patentee's affirmative act still anchors a declaratory judgment plaintiff's

16 standing, a plaintiff must necessarily know at the time of filing that some form of an act occurred.

17 Jurisdictional discovery, then, may be appropriate for purposes of determining whether the act is

18 sufficient to convey standing, but must be improper for the purposes of determining whether an act

19 occurred at all. Here, Cisco's proposed discovery does not appear to be aimed at strengthening the

20 logical connection between the Sky Italia negotiations, <u>i.e.</u>, the only known act, to any threat

21 against Cisco in the United States. In fact, most of Cisco's requested discovery does not touch on

22 the Sky Italia negotiations at all. <u>See</u> Dkt. No. 25-1. OpenTV's list of targets, patent enforcement

23 plans, infringement allegations, and financial analyses may provide general context; however,

24 Cisco makes no attempt to narrow the scope of its discovery on these topics to their relation to the

25 Sky Italia negotiations. More importantly, these topics clearly constitute internally held

26 information and as such are not relevant to the question of declaratory judgment jurisdiction.

27 <u>Hewlett-Packard</u>, 587 F.3d at 1363. The remaining topics—OpenTV's willingness to enter into a

28

5

Case No.: 5:13-CV-0282-EJD
ORDER DENYING CISCO'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL
DISCOVERY

1    standstill agreement covering Cisco and its customers, its infringement allegations against Sky

2    Italia, and its contingency plan in the event a licensing deal was not reached between itself and Sky

3    Italia—do nothing to establish any nexus between the asserted European patents in the Sky Italia

4    negotiations and any OpenTV U.S. patent that may be asserted against Cisco.  Without any

5    allegations as to objective words or acts by OpenTV towards Cisco on the basis of any OpenTV

6    U.S. patent, the court will be hard pressed to find a "real and substantial" dispute between the

7    parties in the United States.  Considering Cisco's proposed discovery does not address this flaw in

8    its jurisdictional pleading, its motion for jurisdictional discovery must be denied.

9    **III.     Conclusion**

10          The court DENIES Cisco's Motion for Leave to Conduct Jurisdictional Discovery, Dkt. No.

11   25.  Cisco shall file its response to OpenTV's Motion to Dismiss, Dkt. No. 21, no later than **June**

12   **6, 2013**.  OpenTV shall file any reply no later than **June 13, 2013**.

13   **IT IS SO ORDERED**

14   Dated: May 23, 2013

15   

16   EDWARD J. DAVILA
     United States District Judge

Case No.: 5:13-CV-0282-EJD
ORDER DENYING CISCO'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL
DISCOVERY